IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| VICTOR FERNANDES<br>716 Tanley Road<br>Silver Spring, MD 20904<br><br>        Plaintiff,<br><br>  v.<br><br>MONTGOMERY COUNTY, MD<br>101 Monroe Street, 2nd Floor<br>Rockville, MD 20850<br><br>Serve On:<br><br>Mr. Isiah Leggett<br>Montgomery County Executive<br>Executive Office Building<br>101 Monroe Street, 2nd Floor<br>Rockville, MD 20850<br><br>    -and-<br><br>DALE ANONSEN<br>2350 Research Boulevard<br>Rockville, MD 20850<br><br>    -and-<br><br>PAUL CRAINE<br>2350 Research Boulevard<br>Rockville, MD 20850<br><br>    -and-<br><br>JASON HUGGINS<br>2350 Research Boulevard<br>Rockville, MD 20850<br><br>        Defendants. | Case No. _____ |

## COMPLAINT

Plaintiff Victor Fernandes ("Fernandes") files the following Complaint alleging violations of 42 USC § 1983, as well as common law claims of malicious prosecution, false imprisonment, false arrest, and assault and battery against Montgomery County, MD and Montgomery County Police Officers Paul Craine, Dale Anonsen, and Jason Huggins:

## JURISDICTION

1. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) since a substantial part of the acts and omissions complained of occurred in the State of Maryland.

## PARTIES

3. Plaintiff Victor Fernandes is a Portuguese-American male who resides in the State of Maryland.

4. Montgomery County, Maryland is a local government entity that at all times relevant was the employer of Defendants Paul Craine, Dale Anonsen, and Jason Huggins.

5. Defendant Paul Craine ("Craine") is a White male who resides in the State of Maryland and who was, at all times relevant to the allegations in this Complaint, a police officer employed by Montgomery County, MD. The Complaint is alleging claims against Lagos individually and in his official capacity as an officer of Montgomery County, MD.

6. Defendant Dale Anonsen ("Anonsen") is a White male who resides in the State of Maryland and who was, at all times relevant to the allegations in this Complaint, a police officer employed by Montgomery County, MD. The Complaint is alleging claims against Moss individually and in her official capacity as an officer of Montgomery County, MD.

2

7. Defendant Jason Huggins ("Huggins") is a White male who resides in the State of Maryland and who was, at all times relevant to the allegations in this Complaint, a police officer employed by Montgomery County, MD. The Complaint is alleging claims against Moss individually and in her official capacity as an officer of Montgomery County, MD.

8. March 25, 2009, Plaintiff was driving his vehicle on Georgia Avenue in Silver Spring, MD.

9. On that evening and at that time, Officer Craine had stopped another vehicle on Georgia Avenue.

10. As Plaintiff approached in his vehicle, Officer Craine waved to Plaintiff to pull his vehicle over. As Plaintiff came closer to Officer Craine, the officer began to yell at Plaintiff "can't you see me."

11. Plaintiff then pulled his vehicle over to the side of the road; however, Officer Craine continued to berate and scream at Plaintiff and demanded Plaintiff's license and registration.

12. Plaintiff began looking for his license. While he was doing this, Officer Craine smashed the passenger side window of Plaintiff's vehicle.

13. Plaintiff then responded to Officer Craine that he was going to call the police.

14. In response, Officer Craine came around Plaintiff's vehicle, pulled him out, and began punching and kicking him, causing significant injuries.

15. During this assault by Officer Craine, Officers Huggins and Anonsen arrived at the scene.

16. Officers Craine, Huggins, and Anonsen then arrested Plaintiff and charged him with second degree assault, three counts of resisting arrest, and assault of a police officer.

17. Officer Anonsen authored the Statement of probable cause which falsely stated that Plaintiff had attempted to drive from the scene with Officer Craine's arm in the passenger side window and that Plaintiff punched Officer Craine in the face and subsequently struck Officer Craine several times.

18. The Statement of Probable Cause also represents that Plaintiff assaulted Officer Huggins and resisted the attempts of Officers Craine and Huggins to lawfully arrest him. These statements were also false.

19. Plaintiff's trial on the various charges was scheduled for June 26, 2009. Prior to the trial, the State *nolle prosequied* two of the resisting arrest charges and the assault of a police officer charge.

20. At the trial, a witness testified that he observed the altercation between Plaintiff and Officers Craine and Huggins, and directly refuted the officers description of what occurred. Instead, the witness testified that Officer Craine assaulted Plaintiff without provocation.

21. At the conclusion of the trial, Judge Brian Kim found Plaintiff not guilty of resisting arrest and second degree assault.

## COUNT I
### (Violations of 42 USC § 1983)

22. Paragraphs 1-21 are realleged and incorporated by reference herein.

23. Defendants Craine, Anonsen, and Huggins, acting under the color of state law, violated Plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution by, among other things, maliciously charging Plaintiff with and continuing the prosecution of Plaintiff for second degree assault, resisting arrest cause, and assaulting a police officer without probable; arresting and detaining Plaintiff for second degree assault, resisting arrest cause, and assaulting a police officer without probable cause; falsely arresting and imprisoning Plaintiff for the above-described crimes without probable cause; and maliciously prosecuting Plaintiff for the above-described crimes without probable cause. These acts of malfeasance were based on Plaintiff's national origin, which is Portuguese.

24. As a proximate result of these violations of Plaintiff's Constitutionally-protected rights, Plaintiff has been damaged.

25. These actions by the Officer Defendants were done intentionally, willfully, wantonly and/or with a reckless disregard for Plaintiff's rights, and, as a result, Plaintiff is seeking and is entitled to an award of punitive damages.

26. At all times relevant to this Complaint, the Officer Defendants were acting as police officers for Montgomery County. In addition, the acts described herein were the result of policies or customs of the County, including, but not limited to, the County's policy or custom of discriminating against minorities and/or the County's deliberate indifference to the proper training of its police officers. The County is therefore liable for the resulting damage to Plaintiff.

## COUNT II
### (Violations of 42 USC § 1983 – Excessive Force)

27. Paragraphs 1-26 are realleged and incorporated herein by reference.

28. During Plaintiff's arrest, Defendants Craine and Huggins Moss kicked and punched Plaintiff.

29. This constituted excessive force and a violation of Plaintiff's Fourth Amendment right to be free from unreasonable seizures of his person in that Plaintiff was not conducting himself in a way that was a threat to himself, the officers, or the public; Plaintiff was not armed; and Plaintiff was not resisting arrest. Even assuming that Plaintiff was resisting arrest, Plaintiff could have been subdued with less force than utilized by the Officers, making their actions objectively unreasonable.

30. Further, because the arrest of Plaintiff in the first instance was improper and not supported by probable cause, the use of force in effecting this illegal arrest was by definition, a violation of Plaintiff's Fourth Amendment rights.

31. As a proximate result of these violations of Plaintiff's Constitutionally-protected rights, Plaintiff has been damaged.

32. These actions by Defendants Craine and Huggins were done intentionally, willfully, wantonly and/or with a reckless disregard for Plaintiff's rights, and, as a result, Plaintiff is seeking and is entitled to an award of punitive damages.

33. At all times relevant to this Complaint, Defendants Craine and Huggins were acting as police officers for Montgomery County. In addition, the acts described herein were the result of a policies or customs of the County, including, but not limited to, the County's policy or custom of discriminating against minorities and/or the deliberate indifference of the County to properly training its police officers. The County is therefore liable for the resulting damage to Plaintiff.

## COUNT III
(Malicious Prosecution)

34. Paragraphs 1-33 are realleged and incorporated by reference herein.

35. On March 25, 2009, Defendant Anonsen instituted and continued criminal proceedings against Plaintiff for second degree assault, resisting arrest cause, and assaulting a police officer without probable to believe that these crimes occurred by authoring and submitting a Statement of Probable Cause that falsely stated that Plaintiff had resisted arrest and assaulted Officers Huggins and Craine.

36. Officers Huggins and Craine participated in the institution and continuation of these criminal proceedings against Plaintiff by providing false information to Defendant Anonsen and the State's Attorney.

37. Prior to the trial, the State *nolle prosequied* two of the resisting arrest charges and the assault of a police officer charge.

38. At the conclusion of the trial, Judge Brian Kim found Plaintiff not guilty of resisting arrest and second degree assault.

39. The criminal proceedings against Plaintiff were instituted and continued with malice or a purpose other than bringing Plaintiff to justice.

6

40. As a proximate result of the malicious prosecution of Plaintiff, he has been damaged.

41. These actions by Defendants Craine, Anonsen, and Huggins were done intentionally, willfully, wantonly and/or with a reckless disregard for Plaintiff's rights, and, as a result, Plaintiff is seeking and is entitled to an award of punitive damages.

42. At all times relevant to this Complaint, the Officer Defendants were acting as police officers for Montgomery County. The County is therefore liable for the resulting damage to Plaintiff.

## COUNT IV
### (False Imprisonment)

43. Paragraphs 1-42 are realleged and incorporated by reference herein.

44. On June 17, 2008, Defendants Huggins, Anonsen, and Craine restricted Plaintiff's freedom of movement by having him arrested and placed in jail without Plaintiff's consent for second degree assault, resisting arrest cause, and assaulting a police officer.

45. The Officer Defendants' actions were without legal justification in that they did not have probable cause to believe Plaintiff had committed any of these crimes.

46. As a proximate result of these acts, Plaintiff has been damaged.

47. These actions by the Officer Defendant were done intentionally, willfully, wantonly and/or with a reckless disregard for Plaintiff's rights, and, as a result, Plaintiff is seeking and is entitled to an award of punitive damages.

48. At all times relevant to this Complaint, the Officer Defendants were acting as police officers for Montgomery County. The County is therefore liable for the resulting damage to Plaintiff.

## COUNT V
### (False Arrest)

49. Paragraphs 1-48 are realleged and incorporated by reference herein.

50. On march 25, 2009, Defendants Craine, Huggins, and Anonsen arrested Plaintiff for second degree assault, resisting arrest cause, and assaulting a police officer.

51. The Officer Defendants' actions were without legal justification in that they did not have probable cause to believe that Plaintiff had committed these crimes.

52. As a proximate result of these acts, Plaintiff has been damaged.

53. These actions by the Officer Defendants were done intentionally, willfully, wantonly and/or with a reckless disregard for Plaintiff's rights, and, as a result, Plaintiff is seeking and is entitled to an award of punitive damages.

54. At all times relevant to this Complaint, the Officer Defendants were acting as police officers for Montgomery County. The County is therefore liable for the resulting damage to Plaintiff.

## COUNT VI
(Assault and Battery)

55. Paragraphs 1-54 are realleged and incorporated by reference herein.

56. During Plaintiff's arrest, Defendants Huggins and Craine kicked and punched Plaintiff.

57. These acts were not legally justified because Plaintiff was committing no crime at the time and there was not probable cause to believe that Plaintiff was committing a crime at this time.

58. Defendants Craine and Huggins therefore committed an assault and battery of Plaintiff by placing Plaintiff in fear of imminent physical harm and engaging in a wrongful touching of Plaintiff's person without his consent.

59. As a proximate result of these acts, Plaintiff has been damaged.

60. These actions by Defendants Craine and Huggins were done intentionally, willfully, wantonly and/or with a reckless disregard for Plaintiff's rights, and, as a result, Plaintiff is seeking and is entitled to an award of punitive damages.

61. At all times relevant to this Complaint, Defendants Craine and Huggins were acting as police officers for Montgomery County. The County is therefore liable for the resulting damage to Plaintiff.

WHEREFORE, Plaintiff requests the following relief:

a. Compensatory damages in an amount to be proven at trial, but which are at a minimum, $1,000,000;

b. Punitive damages in the amount of $1,000,000;

c. Attorneys' fees and costs;

d. All other relief this Court deems appropriate.


Respectfully submitted,

_____
Michael P. Coyle, Esq.
THE LAW OFFICES OF CHAIFETZ & COYLE
9881 Broken land parkway, Suite 300
Columbia, MD 21046
443-546-4608 (Tel.)
443-546-4621 (Fax)

Attorney for Plaintiff

DATED:     March 25, 2010