IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| VICTOR FERNANDES, <br> Plaintiff, | |
| v. | Civil Action No. 10-cv-00752-AW |
| MONTGOMERY COUNTY, MD, *et al.*, <br> Defendants. | |

**MEMORANDUM OPINION**

Pending before the Court is Defendants' Motion to Dismiss or for Bifurcation. Doc. No. 4. The Court has reviewed the documents filed by the Parties and finds no hearing is necessary. *See* D. MD. LOC. R. 105(6) (2010). For the reasons stated below, the motion will be granted in part and denied in part.

**I.     FACTUAL & PROCEDURAL BACKGROUND**

The following facts are drawn from the Complaint. On March 25, 2009, Plaintiff Victor Fernandes, a Portuguese-American male, was driving his vehicle in Silver Spring, Maryland. As Fernandes approached, Officer Craine waved for him to pull his vehicle over.

As he came closer, Craine yelled at Fernandes, "can't you see me." Fernandes pulled to the side of the road, and Craine continued to scream at him. Craine also demanded Fernandes's license and registration. While Fernandes looked for his license, Craine smashed the passenger-side window of his vehicle. Fernandes told Craine that he was going to call the police. Craine responded by pulling Fernandes out of the car and beating him.

1

During the assault, Officers Huggings and Anonsen arrived. Together with Craine, they arrested Fernandes and charged him with second-degree assault, resisting arrest, and assault of a police officer. Anonsen wrote the Statement of Probable Cause, which falsely stated that: Fernandes attempted to drive away with Craine's arm stuck in the passenger-side window; that Fernandes struck Craine several times; and that Fernandes assaulted Huggins and resisted lawful arrest. Several of the charges were *nolle prosequied* before trial, and Fernandes was found not guilty of the remaining charges at trial.

He now brings this action against the three officers and Montgomery County ("County"), raising claims under 42 U.S.C. § 1983 and Maryland tort law (malicious prosecution, false imprisonment, false arrest, assault, and battery). Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which is now pending before the Court.

## II.  STANDARD OF REVIEW

The purpose of a motion to dismiss is "to test the sufficiency of [the] complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, the complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2).

In its determination, the Court must "accept the well-pleaded allegations of the complaint as true," *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and "must construe factual allegations in the light most favorable to the plaintiff," *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court should not, however, accept unsupported legal allegations, *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), "legal

conclusion[s] couched as . . . factual allegation[s]," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

In resolving a motion to dismiss, the Court should proceed in two steps. First, the Court should determine which allegations in the Complaint are factual allegations entitled to deference, and which are mere legal conclusions that receive no deference. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

**III.    ANALYSIS**

Defendants' present motion raises several issues: (1) Plaintiff's section 1983 claims (Counts I and II) should be dismissed as to the County because the Complaint does not adequately allege that the officers' action were caused by a "policy or custom" of the County, *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978), (2) if the Court does not dismiss the section 1983 *Monell* claims against the County, it should delay discovery and trial on those claims until after adjudication of the claims against the individual officers, (3) Plaintiff's Maryland tort claims (Counts III-VI) should be dismissed as to the County because it is immune from liability for state torts committed by its employees in the course of performing governmental activities, (4) Plaintiff's false imprisonment, false arrest, and assault and battery claims (Counts IV-VI) should be dismissed because Plaintiff filed to notify the County of his claims within 180 days as required by the Local Government Tort Claims Act ("LGTCA"), (5) Montgomery County is immune from liability for punitive damages, and (6) Plaintiff's section

3

1983 claims should be analyzed as Fourth Amendment violations because they occurred in the context of an arrest, and therefore the Fourteenth Amendment component of Count I should be dismissed.

For the reasons stated below, the Court holds that the section 1983 claims against the County should be dismissed for failure to state a *Monell* claim, and that the state tort claims against the County should be dismissed because, as Plaintiff concedes, the County is immune from liability for those claims. Because all claims against the County are dismissed, the Court need not address Defendants' request for bifurcation or Defendants' argument that the County is immune from liability for punitive damages.

However, the Court holds that Plaintiff may proceed with his section 1983 claim based on violation of the Fourteenth Amendment. Furthermore, Plaintiff's Maryland tort claims against the individual Defendants survive because he has shown good cause for failure to provide timely notice under the LGTCA.

**A)** *Monell* **Claims against Montgomery County**

In a recent case, this Court dismissed claims against the County in a case involving a complaint with similar *Monell*-related allegations to those of the Complaint in this case, and an opposition brief filed by Plaintiff's Counsel, Michael Coyle, that is an almost verbatim copy of his brief in this case. Rather than re-writing an opinion that this Court has already written, the analysis below, with a few small exceptions, directly tracks the Court's prior analysis in *Harden v. Montgomery County, MD, et al.*, No. 8:09-CV-03166-AW, 2010 WL 3938326 (D. Md. Oct. 6, 2010).

In pertinent part, section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable." Municipalities are liable under section 1983 when "the constitutionally offensive acts of city employees are taken in furtherance of some municipal 'policy or custom.'" *Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir. 1984) (quoting *Monell*, 436 U.S. at 694). A plaintiff may establish the existence of a policy or custom in several ways: "(1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that 'manifest[s] deliberate indifference to the rights of citizens'; or (4) through a practice that is so 'persistent and widespread' as to constitute a 'custom or usage with the force of law.'" *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (quoting *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999)).

In order to satisfy the policy-or-custom element of a section 1983 *Monell* claim, Plaintiff alleges that "the acts [of the police officers] were the result of policies or customs of the County, including, but not limited to, the County's policy or custom of discriminating against minorities and/or the County's deliberate indifference to the proper training of its police officers." Compl. ¶¶ 26, 33. The Court agrees with Defendants that these allegations are insufficient.

Recent Supreme Court decisions have created a two-part framework for analyzing motions to dismiss for failure to state a claim. First, the Court must sort the allegations in the Complaint into two categories: genuine factual allegations that are entitled to deference, on the one hand, and allegations that are mere "[t]hreadbare recitals of the elements of a cause of action," on the other. *Id.* at 1949 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

5

(2007)). Taken alone, the allegation that the individual officers' actions resulted from the County's policy or custom of discrimination and/or indifference to training its officers, *see* Compl. ¶¶ 26, 33, fails at the first step of the *Twombly-Iqbal* analysis because it is little more than a bare assertion that a legal element (*i.e.*, the policy-or-custom element) is met.

Plaintiff also argues, relying on *Savage v. Mayor & City Council, Salisbury, MD*, No. CCB-08-3200, 2009 WL 1119087 (D. Md. Apr. 22, 2009), that the individual Defendants' actions were so blatantly discriminatory and unconstitutional that they justify the inference that the acts were in furtherance of municipal policy. Unlike the allegations in paragraphs 26 and 33 of the Complaint, the allegations regarding the actions taken by the individual officers provide dates, names, places, and other concrete factual material. Therefore, Plaintiff's attempt to infer a County policy or custom based on the acts of the individual officers refers to genuine factual allegations, instead of merely reciting a legal conclusion; therefore, this line of argument survives step one of *Iqbal*.

The second step of *Iqbal* requires the Court to "assume the[] veracity [of the well-pleaded factual allegations] and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950. Even though the Court assumes the veracity of the allegations against the individual officers and grants the Plaintiff all reasonable inferences from those allegations, the Complaint does not "plausibly establish" the inference that a policy or custom of the County is responsible for the actions of the individual Defendants. *Id.* at 1951. Whereas in *Savage*, the plaintiff's claim against the municipal defendant was permitted to go forward because "[t]he number of officers involved, including repeat offenders, the allegation of a 'special task force,' and the blatant illegality of their actions raise an inference of widespread police misconduct," 2009 WL 1119087, at *4, the Complaint in this case completely "fail[s] to

6

explain the basis of [the] inference or the justification for [the] presumption," *Walker v. Prince George's Cnty., MD*, 575 F.3d 426, 431 (4th Cir. 2009).

Plaintiff also contends that section 1983 claims are not subject to a "heightened pleading standard," *Leatherman v. Tarrant Cnty. Intel. & Coord. Unit*, 507 U.S. 163, 168 (1993); *Jordan v. Jackson*, 15 F.3d 333, 339 (4th Cir. 1994). However, the Court is simply applying the generally-applicable pleading standard of Federal Rule of Civil Procedure 8(a), as interpreted by the Supreme Court in *Iqbal* and *Twombly*; the Court is not fashioning a special form of heightened pleading for section 1983 claims. Thus, *Leatherman* and *Jordan* are inapplicable, and the Plaintiff's section 1983 claims against the County must be dismissed.

B) **Governmental Immunity**

Defendants argue that Montgomery County is immune from liability for the state tort claims because it cannot be held liable for the torts of its employees arising from their performance of governmental activities. Plaintiff concedes this point, so the Court will dismiss Counts III-VI as to the County.

C) **Fourteenth Amendment Claim**

Count I of the Complaint seeks relief under section 1983 for violations of both the Fourth and the Fourteenth Amendments. Defendants argue that section 1983 excessive force claims should be analyzed under the Fourth Amendment when they occur during the course of an arrest, and therefore that the Fourteenth Amendment component of Count I should be dismissed. However, Defendants' argument overlooks the fact that Count I is not merely (or even primarily) an excessive-force claim. Rather, it contains a number of other alleged constitutional violations, including that the officers' actions were based on Plaintiff's national origin, which is most

7

appropriately analyzed under the Equal Protection Clause of the Fourteenth Amendment. By contrast, Count II contains Plaintiff's excessive-force claim, and Plaintiff properly invokes only the Fourth Amendment in that Count. Thus, the Fourteenth Amendment claim in Count I should not be dismissed.

### D) Notice under the LGTCA

Defendants argue that Plaintiff's claims for false imprisonment, false arrest, and assault and battery (Counts IV-VI) must be dismissed because the LGTCA states that actions for unliquidated damages "may not be brought against a local government or its employees unless the notice of the claim required by this section is given within 180 days after the injury." MD. CODE ANN., CTS. & JUD. PROC. § 5-304(b)(1). The events giving rise to Counts IV-VI occurred on March 25, 2009, so notice needed to be received by the County, at the latest, by September 21, 2009. Notice was received four days late, on September 25, 2009.

Plaintiff argues that his claims are not barred, because he has good cause for failing to provide timely notice, and the Defendants cannot show that their defense was prejudiced by a mere four-day delay. *See id.* § 5-304(d) ("Notwithstanding the other provisions of this section, unless the defendant can affirmatively show that its defense has been prejudiced by lack of required notice, upon motion and for good cause shown the court may entertain the suit even though the required notice was not given."). "Whether good cause exists is a discretionary matter for the trial court," *Wilbon v. Hunsicker*, 913 A.2d 678, 693 (Md. Ct. Spec. App. 2006), and a non-exhaustive list of the factors that guide the Court's discretion includes, in relevant part: "'excusable neglect or mistake (generally determined in reference to a reasonably prudent person standard),'" "'the inability to retain counsel in cases involving complex litigation,'" and

"'ignorance of the statutory notice requirement,'" *id.* (quoting *White v. Prince George's Cnty.*, 877 A.2d 1129, 1142 (Md. Ct. Spec. App. 2005), *cert. denied*, 885 A.2d 825 (Md. 2005)).

Plaintiff provides, through his affidavit, three explanations for his untimely notice to the County: (1) he was unaware of his obligation to notify the County of his claims within 180 days, (2) he had difficulty finding an attorney who would represent him in his civil case, and when he did finally meet with an attorney (not his current attorney), the attorney discouraged him from seeking relief by telling him that he would "face constant retribution from the police" because he lived in Montgomery County, and (3) he was facing criminal charges at the time and needed to focus his attention on that case. Doc. No. 5, Ex. 1.

Defendants isolate each reason and show that, taken alone, each is inadequate. As to the first explanation, Defendants argue that "[i]gnorance of the statutory requirement does not constitute good cause." *Bibum v. Prince George's Cnty.*, 85 F. Supp. 2d 557, 565 (D. Md. 2000). Second, Defendants contend that because Plaintiff consulted an attorney regarding his civil case, he has no excuse for failing to provide timely notice. Third, Defendants contend that in the typical case, defending against criminal charges is not good cause for untimely notice because "an ordinarily prudent person would have been able . . . to file [such] notice." *Heron v. Strader*, 761 A.2d 56, 63 (Md. 2000).

Although the issue is a close one, the Court finds that Plaintiff's affidavit establishes good cause for untimely notice. The Court does not decide whether any one of Plaintiff's justifications, taken by itself, provides good cause. The exercise of discretion involves looking at the totality of the circumstances, and the Court believes that a reasonably prudent and diligent person in Plaintiff's position might not have filed timely notice. Initially, Plaintiff was ignorant

of the requirement that he file notice,[1] and he had trouble retaining an attorney for his civil claims who might have relieved his ignorance and instructed him of his obligation to notify the County; when he finally did consult with an attorney about his civil case, that attorney allegedly frightened him out of pursuing his civil claims by telling him that Montgomery County would retaliate against him if he did; and while all of this was going on, he was defending himself against criminal charges. *See* Doc. No. 5, Ex. 1. Furthermore, Plaintiff filed notice with the County only four days outside the 180-day period, which, taken together with the other facts discussed above, convinces the Court that Plaintiff has good cause for providing untimely notice. Thus, Counts IV-VI will not be dismissed as to the individual Defendants.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss or for Bifurcation is GRANTED IN PART and DENIED IN PART. A separate Order will follow.

   November 15, 2010                                                                      /s/
         Date                                                              Alexander Williams, Jr.
                                                                              United States District Judge

---

[1] Defendants argue that Maryland courts "have all but removed [ignorance] from the list of accepted factors," Doc. No. 6 at 5 n.2, but the cases they cite do not support that proposition. The central case they rely on, *Williams v. Montgomery County*, is distinguishable in two relevant respects: first, the court was reviewing a trial court's finding for abuse of discretion, not providing its own discretionary judgment on the good-cause issue; second, ignorance of the notice requirement was the "only excuse" offered by the plaintiff in that case. 716 A.2d 1100, 1107 (Md. Ct. Spec. App. 1998). The Maryland Court of Appeals has acknowledged the *Williams* opinion but declined to decide whether it was correct. *See Heron*, 761 A.2d at 64 & n.13. As long as Maryland courts continue to list ignorance as one of the factors that ought to guide judicial discretion in determining good cause, this Court will continue to weigh it alongside the other factors.