IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| VICTOR FERNANDES, | |
| Plaintiff, | |
| v. | Civil Action No. AW-10-cv-752 |
| MONTGOMERY COUNTY, MD, *et al.,* | |
| Defendants. | |

**MEMORANDUM OPINION**

Plaintiff Victor Fernandes brings this action against Defendants, Montgomery County Police Officers Paul Craine and Jason Huggins, alleging claims under 42 U.S.C. § 1983 and under Maryland tort law. Pending before the Court is Defendant Craine's Motion for Partial Summary Judgment and Defendant Huggins's Motion for Summary Judgment. (Doc. 21.) The Court has reviewed the motion papers and finds no hearing necessary as to the issues resolved herein. *See* Local Rule 105.6 (D. Md. 2011). For the reasons stated below, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Defendants' motions.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

The following facts are taken from the Court's prior Memorandum Opinion (Doc. 7) with changes as necessary to reflect subsequent developments in the discovery record. This case arises from Plaintiff Fernandes's arrest on March 25, 2009. Although many of the facts surrounding the arrest are in dispute, the following facts are uncontested. On March 25, 2009, Plaintiff—a Portuguese-American male—was driving his truck without its lights on in Silver Spring, Maryland. In response to Defendant Craine's signal, Plaintiff pulled over to the side of

the street.  While the facts surrounding this initial traffic stop are disputed, both parties agree that Defendant Huggins later arrived at the scene.  An altercation ensued and Plaintiff was arrested with the assistance of additional officers.

Plaintiff was charged with second-degree assault, resisting arrest, and assault of a police officer.  Several of the charges were *nolle prosequied* before trial, and Montgomery County District Judge Brian Kim found Plaintiff not guilty of the remaining charges.

On September 25, 2009—184 days after the arrest—Plaintiff notified Defendants of his intention to file state tort claims.  On March 25, 2010, Plaintiff filed this action against Montgomery County and Officers Craine, Huggins, and Anonsen; raising claims under 42 U.S.C. § 1983 and Maryland tort law (malicious prosecution, false imprisonment, false arrest, assault and battery).  Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which the Court granted-in-part and denied-in-part on November 15, 2010.  (Doc. 7.) Specifically, the Court dismissed Plaintiff's claims against Montgomery County, finding that Plaintiff failed to state a *Monell* claim and that Montgomery County is immune from liability for the state tort claims.  *Id.* at 4.  However, the Court held that Plaintiff may proceed with his § 1983 claims and his Maryland tort claims against Defendants Craine and Huggins.[1]  *Id.*

Before the Court are Defendants' December 22, 2011 motions.  Since Craine concedes genuine issues of material fact exist concerning the initial traffic stop, he moves only for partial summary judgment.  (Doc. 21.)  In particular, Craine urges the Court to dismiss Plaintiff's national origin claim and Maryland tort law claims, *see id.*; Craine requests a jury trial for the remaining counts.  In contrast, Huggins moves for summary judgment on all claims.  *See id.*

## II.    STANDARD OF REVIEW

---

[1] According to Defendants, since Officer Anonsen was not at the scene of the arrest, Plaintiff agreed to drop all claims against Anonsen.  (Doc. 21-1 at 2.)  Plaintiff has not contested this assertion.

Summary judgment is appropriate only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). The moving party discharges its burden by showing a lack of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325.

To defeat a motion for summary judgment, the nonmoving party must produce affidavits or other similar evidence to demonstrate that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court must view the factual evidence and all inferences in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Although the Court examines the evidence in the nonmoving party's favor, the nonmoving party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences. *See Deans v. CSX Transp., Inc.*, 152 F.3d 326, 330–31 (4th Cir. 1998); *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Additionally, hearsay statements or conclusory statements with no evidentiary basis cannot support or defeat a motion for summary judgment. *See Greensboro Prof'l Fire Fighters Ass'n, Local 3157 v. City of Greensboro*, 64 F.3d 962, 967 (4th Cir. 1995).

## III.   LEGAL ANALYSIS

The Court first notes that this Opinion only evaluates Defendants' motions regarding Plaintiff's Fourteenth Amendment claim and Maryland tort claims.[2] Due to the number of factual disputes, the Court will determine the appropriateness of summary judgment on the remaining counts after a motions hearing on April 20, 2012.

### A.   Count I: 14th Amendment Claim

---

[2] To be clear, this Opinion addresses Defendants' argument that Plaintiff's untimely notice of his Maryland tort claims warrants summary judgment on Counts III–VI. The Court will consider substantive arguments for summary judgment at the scheduled motions hearing.

Both defendants request summary judgment on Plaintiff's 42 U.S.C. § 1983 claim for discrimination based on his Portuguese origin. As the Court explained in its earlier opinion, this national origin claim is most appropriately analyzed under the Equal Protection Clause of the Fourteenth Amendment. (Doc. 7 at 7–8.) The Fourteenth Amendment forbids a state to "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. In short, the Equal Protection Clause prohibits the government from treating similarly situated persons differently and prohibits discriminatory enforcement of the law. *See Butler v. Cooper*, 554 F.2d 645, 646 (4th Cir. 1977).

The Court finds insufficient evidence that Plaintiff was treated differently due to his Portuguese origin. Plaintiff argues that Craine heard him speaking in a foreign language and thus concludes that Craine knew Plaintiff was not American. (Doc. 24 at 9.) This argument not only discounts the number of Americans who speak multiple languages, but it also ignores Plaintiff's own contention that he did not speak Portuguese at any point during the incident. (Doc. 21-3 at 39: 8–9.) Moreover, Plaintiff acknowledges that Craine initially pulled him over because he was driving without his headlights on. (Doc. 21-3 at 32:4–17.)

More importantly, Plaintiff admits that: (1) he has no reason to believe Craine knew he was Portuguese, (2) he did not tell Craine he was Portuguese, (3) Craine at no time referenced his Portuguese origin, (4) he conversed with Craine in English, and (5) he did not speak in Portuguese at any point during the arrest. (Doc. 21-3 at 38:17–39:9.)

In short, Plaintiff provides insufficient evidence that Defendants were aware of his Portuguese origin and provides no evidence that Defendants acted based on his national origin.

Therefore, the Court dismisses Plaintiff's Fourteenth Amendment claim against both defendants.[3]

### B. Counts III–VI: Maryland Tort Claims

Defendants also request that the Court reconsider its November 15, 2010 decision to waive the notice requirement under the Local Government Tort Claims Act ("LGTCA"). (Doc. No. 7.) Defendants contend that newly discovered evidence belies Plaintiff's reasons for not providing immediate notice of his intention to bring state-law tort claims, as required by the LGTCA. (Doc. 21-1 at 20–22.)

According to the LGTCA, actions for unliquidated damages "may not be brought against a local government or its employees unless [notice] is given within 180 days after the injury." MD. CODE ANN., CTS. & JUD. PROC. § 5-304(b)(1). Nevertheless, failure to provide timely notice does not bar claims if the plaintiff can show good cause for failing to give timely notice and the defendant cannot show that their defense was prejudiced by the delay. *See id.* § 5-304(d). The trial court has discretion to determine if good cause exists. *Wilbon v. Hunsicker*, 913 A.2d 678, 693 (Md. Ct. Spec. App. 2006).

Here, because the events giving rise to the tort claims occurred on March 25, 2009, Plaintiff was required to provide notice by September 21, 2009. Defendants received notice four days late on September 25, 2009. In lieu of reiterating its rationale for waiving the notice requirement (Doc. 7 at 8–10), the Court comments solely on Defendants' recent argument. Defendants maintain that Plaintiff's periodic documentation of his injuries during the 180-day period—purportedly to support an intended civil claim—undermines Plaintiff's explanation for his delayed notice. (Doc. 21-1 at 21.) However, this new evidence is unrelated to Plaintiff's

---

[3] Since Plaintiff does not refer to Huggins's actions when alleging a Fourteenth Amendment violation, the Court finds no evidence that Huggins was aware of—or acted based on—Plaintiff's Portuguese origin.

explanations, which the Court held sufficiently established good cause for untimely notice. (Doc. 7 at 9.) Therefore, the Court adheres to its earlier holding that "a reasonably prudent and diligent person in Plaintiff's position might not have filed timely notice" and denies summary judgment on this basis. *Id.*

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Defendants' motions. A separate order will follow.

|  |  |
|---|---|
| March 23, 2012 | /s/ |
| Date | Alexander Williams, Jr.<br>United States District Judge |