IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| VICTOR FERNANDES,<br><br>    Plaintiff,<br><br>        v.<br><br>MONTGOMERY COUNTY, MD, *et al.,*<br><br>    Defendants. | Civil Action No. AW-10-cv-752 |

## MEMORANDUM OPINION

Plaintiff Victor Fernandes brings this action against Defendants, Montgomery County Police Officers Paul Craine and Jason Huggins, alleging claims under 42 U.S.C. § 1983 and under Maryland tort law.  Pending before the Court is Defendant Huggins's Motion for Summary Judgment, Doc. 21, which was partially resolved by the Court's Order of March 23, 2012.  On April 20, 2012, the Court considered parties' arguments as to Defendant Jason Huggins.  For the reasons stated in open court and as clarified below, the Court **GRANTS** Huggins's Motion for Summary Judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The following facts are taken from the Court's prior Memorandum Opinion, Doc. 31, with changes as necessary to reflect subsequent developments in the record.  On March 25, 2009, Plaintiff Fernandes was driving his truck without its lights on in Silver Spring, Maryland.  In response to Defendant Craine's signal, Plaintiff pulled over to the side of the street.  While many facts surrounding this initial traffic stop are disputed, both parties agree that Defendant Huggins

later arrived at the scene in response to Craine's call for assistance. It is also undisputed that law enforcement brought Plaintiff to the ground, whereupon Plaintiff fought with multiple officers.

Following his arrest, Plaintiff was charged with second-degree assault, resisting arrest, and assault of a police officer. Several of the charges were *nolle prosequied*, and Montgomery County District Judge Brian Kim found Plaintiff not guilty of the remaining charges.

On March 25, 2010, Plaintiff filed this action against Montgomery County and Officers Craine, Huggins, and Anonsen; raising claims under 42 U.S.C. § 1983 and Maryland tort law (malicious prosecution, false imprisonment, false arrest, assault and battery). Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which the Court granted-in-part and denied-in-part on November 15, 2010. Doc. 7. Specifically, the Court dismissed Plaintiff's claims against Montgomery County, finding that Plaintiff failed to state a *Monell* claim and that Montgomery County is immune from liability for the state tort claims. *Id.* at 4. However, the Court held that Plaintiff may proceed with his § 1983 claims and his Maryland tort claims against Defendants Craine and Huggins.[1] *Id.*

On December 22, 2011, Craine moved for partial summary judgment and Huggins moved for summary judgment, which the Court granted-in-part and denied-in-part. Doc. 32. In its March 23, 2012 Opinion, the Court dismissed Plaintiff's Fourteenth Amendment claim against both defendants, but adhered to its earlier decision to waive the notice requirement under the Local Government Tort Claims Act.[2] Doc. 31. A motions hearing was held on April 20, 2012 to address Huggins's arguments concerning the remaining counts: Count I's Fourth Amendment claim and Counts II–VI.

---

[1] According to Defendants, since Officer Anonsen was not at the scene of the arrest, Plaintiff agreed to drop all claims against Anonsen. Doc. 21-1 at 2. Plaintiff has not contested this assertion.
[2] The Court fully addressed Craine's Partial Motion for Summary Judgment in its March 23, 2012 Opinion. Doc. 31. Craine requests a jury trial for the remaining counts.

**STANDARD OF REVIEW**

Summary judgment is appropriate only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). The moving party discharges its burden by showing a lack of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325.

To defeat a motion for summary judgment, the nonmoving party must produce affidavits or other similar evidence to demonstrate that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court must view the factual evidence and all inferences in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Although the Court examines the evidence in the nonmoving party's favor, the nonmoving party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences. *See Deans v. CSX Transp., Inc.*, 152 F.3d 326, 330–31 (4th Cir. 1998); *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Additionally, hearsay statements or conclusory statements with no evidentiary basis cannot support or defeat a motion for summary judgment. *See Greensboro Prof'l Fire Fighters Ass'n, Local 3157 v. City of Greensboro*, 64 F.3d 962, 967 (4th Cir. 1995).

**LEGAL ANALYSIS**

Plaintiff's fundamental argument is that disputed questions of material fact preclude summary judgment. However, after construing the facts in the light most favorable to Plaintiff, the Court finds that any disputed facts are immaterial to the disposition of the claims against Huggins. In the absence of any genuine issues of material fact, the Court proceeds to evaluate whether Huggins is entitled to judgment as a matter of law.

## I. Section 1983 Claims and Qualified Immunity

Federal statute, 42 U.S.C. § 1983, creates a cause of action against a state actor who violates federal law. *See Flanagan v. Anne Arundel Cnty.*, 593 F. Supp. 2d 803, 809 (D. Md. 2009) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). In Counts I and II, Plaintiff alleges that Huggins is liable under § 1983 for violation of his Fourth Amendment rights. However, the Supreme Court, has consistently held that qualified immunity protects officers from § 1983 liability, as long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan,* 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

The qualified immunity doctrine is especially relevant during summary judgment considering that the Supreme Court has repeatedly "stressed the importance of resolving immunity questions at the earliest possible stage in litigation," *id.* at 232, and because qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

To defeat Huggins's qualified-immunity defense, Plaintiff must not only show that Huggins violated Plaintiff's Fourth Amendment rights, but also that these rights were "clearly established at the time of [Huggins's] alleged misconduct." *Pearson,* 555 U.S. at 232. Determination of whether the rights are clearly established turns on whether a reasonable officer would have believed Huggins's conduct to be lawful under the same circumstances. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Wilson v. Lane*, 526 U.S. 603, 615 (1999).

### A. Count I: False Arrest

Plaintiff contends that Huggins violated his Fourth Amendment rights by arresting, detaining, and prosecuting him without probable cause. For an arresting officer, the dispositive

question in a false arrest claim is probable cause. *See White v. Maryland Transp. Auth.*, 151 F. Supp. 2d 651, 655 (D. Md. 2001).

For an assisting officer, however, the inquiry is whether the officer's decision to assist was "objectively reasonable in light of the circumstances and existing law." *Carter v. Jess*, 179 F. Supp. 2d 534, 544 (D. Md. 2001). An assisting officer is not required to "make an independent assessment of probable cause before assisting other officers with [a] potentially dangerous arrest that is already underway." *Id.* In other words, when an assisting officer arrives late to the scene and has no personal knowledge of the arresting officer's basis for the arrest, liability does not turn on whether the arrest was actually based on probable cause. *See id.* at 545.

Here, it is undisputed that Huggins responded to Officer Craine's emergency call for assistance. It is also clear that due to an altercation between Plaintiff and law enforcement, Plaintiff ended up on the ground. Furthermore, all parties agree that once he was on the ground, Plaintiff fought the officers. Docs. 21-3 at 52:13–15, 53:24–25; 21-4 at 63:2–8; 21-5 at 23:18–21, 24:1–8. In fact, Plaintiff testifies that "when I fell on the ground, I was fighting for my life," Doc. 21-3 at 52:13–14, and "trying to fight with my leg," *Id.* at 53:25.

In short, upon arriving at the scene, Huggins rendered immediate assistance to subdue a resisting individual. Under these facts, a reasonable officer would have believed that Huggins's actions were lawful and necessary. Therefore, the Court holds that Huggins is entitled to qualified immunity and grants summary judgment for Count I.

### B.     Count II: Excessive Force

Plaintiff also alleges that Huggins kicked and punched him while he was on the ground, thereby violating Plaintiff's Fourth Amendment right to be free of "seizures effectuated by excessive force." *Henry v. Purnell*, 652 F.3d 524, 531 (4th Cir. 2011) (quotations omitted).

Such a claim is analyzed under objective standards of reasonableness, meaning an officer's actions are not excessive if they are "objectively reasonable in light of the facts and circumstances confronting [the officer]." *Graham v. Connor*, 490 U.S. 397 (1989) (internal quotations omitted).

Here, Plaintiff's claim is crippled by his inability to attribute any specific acts to Huggins, let alone demonstrate that Huggins acted with excessive force. According to Plaintiff, when he was on the ground, he did not see who allegedly kicked him. Doc. 23-1 at 53:19–20, 54:11–14. In fact, Plaintiff concedes that he cannot identify what Huggins looks like and does not know if Huggins ever touched him; the only officer Plaintiff ever saw was Craine. *Id.* at 60:2–11. Nevertheless, Plaintiff not only assumes he was kicked by multiple people, but he also baselessly assumes that Huggins participated. In short, Plaintiff's claim is little more than a series of conjectures, pieced together to fashion an alternative account of the incident. The Court cannot impute liability on Huggins when Plaintiff simply speculates that Huggins is one of the individuals who kicked and punched him.

Even assuming *arguendo* that Huggins kicked Plaintiff and that his actions were excessive, Huggins is entitled to qualified immunity. As discussed above, the qualified immunity analysis for excessive force is distinct from the merits analysis of an excessive force claim. *See Saucier*, 533 U.S. at 121; *supra* Part I. The objective circumstances of this case are that Huggins arrived on the scene in response to an officer call for emergency assistance. Upon arriving at the scene, Huggins and other officers struggled to arrest a kicking suspect. Lastly, once Plaintiff was handcuffed, all use of force ceased. The Court finds that a reasonable officer in Huggins's position would have believed that the amount of force used was lawful. As such, the Court dismisses Plaintiff's excessive force claim.

**II.    Maryland Tort Claims**

   **A.    Count III: Malicious Prosecution**

In order to prevail on a malicious prosecution claim, a plaintiff must prove: (1) the defendant instituted criminal proceedings against the plaintiff, (2) the criminal proceeding was resolved in the plaintiff's favor, (3) the defendant lacked probable cause for the proceeding, and (4) the defendant acted with malice or with a primary purpose other than bringing the plaintiff to justice. *See Solis v. Prince George's Cnty.*, 153 F. Supp. 2d 793, 804 (D. Md. 2001); *Okwa v. Harper*, 757 A.2d 118, 130 (Md. 2000). Plaintiff fails to satisfy the first element, namely that Huggins initiated criminal proceedings against Plaintiff.

In Maryland, it is well settled that a defendant cannot be held liable for initiating or continuing a criminal prosecution unless he actively investigates or encourages the prosecution. *See Smithfield Packing Co., Inc. v. Evely,* 905 A.2d 845, 854 (Md. Ct. Spec. App. 2006) (quoting *Wood v. Palmer Ford*, 425 A.2d 671, 677 (Md. Ct. Spec. App. 1981)). In other words, a defendant is not regarded as having initiated a proceeding if he "merely states what he believes, leaving the decision to prosecute entirely to the uncontrolled discretion of the [prosecutor], or if the [prosecutor] makes an independent investigation . . . ." *Id.* at 855 (quoting Prosser, *Law of Torts* 836–37 (4th ed. 1971)).

In contrast, a plaintiff is responsible for initiating a proceeding if "his persuasion was the determining factor in inducing the [prosecutor's] decision" or if the defendant knowingly provided false information, thereby unduly influencing the prosecutor. *Smithfield Packing*, 905 A.2d at 855 (quoting *Wood*, 425 A.2d at 677). Moreover, the fact that a defendant testifies against the plaintiff insufficiently establishes liability for the defendant. *See id.* at 854.

In the instant case, Huggins did not go to the Central Processing Unit, did not prepare the Statement of Probable Cause or Statement of Charges, and did not review the statements before they were presented to the Commissioner.  Nevertheless, Plaintiff argues that Huggins initiated criminal proceedings by testifying at Plaintiff's criminal trial and by providing information incorporated into the Statement of Probable.

First, under *Smithfield Packing* and *Wood*, it is clear that Huggins's trial testimony inadequately satisfies the requirement that he initiate proceedings against Plaintiff.  Second, there is no evidence that Huggins "instituted, instigated or inspired in any fashion a criminal proceeding against [Plaintiff]." *Smithfield Packing*, 905 A.2d at 854 (citations omitted).  There is no evidence that the information provided by Huggins unduly influenced prosecutors or served as the determining factor in the decision to file charges against Plaintiff.  In fact, considering the Statement of Probable Cause contains substantial facts describing Plaintiff's interactions with Craine prior to Huggins's arrival at the scene, it is arguable that charges would have been filed against Plaintiff irrespective of Huggins's provided information.  Since Plaintiff fails to establish the first element of a malicious prosecution claim, the Court need not consider whether Plaintiff meets the additional elements; summary judgment is appropriate.

### B.    Counts IV and V: False Imprisonment, False Arrest

Under Maryland law, the elements of false imprisonment and false arrest are identical. *See Okwa*, 757 A.2d at 133 (citations omitted).  Specifically, both claims require a plaintiff to demonstrate that "the defendant deprived him or her of his or her liberty without consent and without legal justification." *Id*.  Legal justification is "judged by the principles applicable to the law of arrest." *Great Atlantic & Pacific Tea Co. v. Paul*, 261 A.2d 731, 738 (Md. 1970). Therefore, when "the basis of a false imprisonment action is an arrest by a police officer, the

liability of the police officer . . . depend[s] upon whether or not the officer acted within his legal authority to arrest." *Drewry v. Stevenson*, No. WDQ-09-2340, 2011 WL 1298160, at *8 (D. Md. March 31, 2011) (quoting *Montgomery Ward v. Wilson*, 664 A.2d 916, 926 (Md. 1995).

In other words, the Court must examine Huggins's legal authority in arresting Plaintiff considering the circumstances surrounding the arrest. *See Okwa,* 757 A.2d at 133–34. As previously discussed, the Court finds that Huggins was legally justified in assisting Craine in Plaintiff's arrest since his actions were "objectively reasonable in light of the circumstances and existing law." *See supra* Part I.A. Thus, the Court grants summary judgment in favor of Huggins on Counts IV and V.

### C. Count VI: Assault and Battery

Under Maryland law, an officer is not liable for assault and battery unless he acts with excessive force, *see Drewry*, 2011 WL 1298160, at *8, or with actual malice toward the plaintiff, *see Curtis v. Pracht*, 202 F.Supp.2d 406, 417 (D. Md. 2002). Since Plaintiff cannot identify nor attribute any specific act to Huggins, it is nonsensical to discuss whether Huggins's acted with excessive force or with actual malice. *See supra* Part I.B. Plaintiff's contentions regarding Huggins's conduct are little more than speculation and vague inferences, which cannot survive a motion for summary judgment.

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Huggins's motion for summary judgment. A separate order will follow.

| May 10, 2012 | /s/ |
|---|---|
| Date | Alexander Williams, Jr.<br>United States District Judge |