**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|   |   |   |
|---|---|---|
| VICTOR FERNANDES | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No.: SAG-10-752 |
| MONTGOMERY COUNTY, MD, et al. | * | |
| Defendants. | * | |

**MEMORANDUM OPINION**

Plaintiff Victor Fernandes ("Mr. Fernandes") sued Defendant Officer Paul Craine ("Officer Craine"), alleging that Officer Craine violated his constitutional rights pursuant to 42 U.S.C. § 1983.[1] Mr. Fernandes also brought state law malicious prosecution, false imprisonment, false arrest, assault, and battery claims. After a four-day trial commencing on December 4, 2012, the jury found for Officer Craine on the state law claims and on the § 1983 claim asserting false arrest, but determined that Officer Craine had used excessive force against Mr. Fernandes in violation of his constitutional rights. The jury awarded Mr. Fernandes compensatory damages totaling $12,700. This Memorandum Opinion addresses Officer Craine's Motion for Judgment Notwithstanding the Verdict and/or to Alter or Amend the Judgment, ECF No. 66, Mr. Fernandes's opposition, ECF No. 71, and the reply thereto. ECF No. 77. It also addresses Mr. Fernandes's Motion to Extend Time for Filing a Motion for an Award of Attorney's Fees, ECF No. 64, Mr. Fernandes's supplement, ECF No. 72, Officer Craine's opposition, ECF No. 67, the reply, ECF No. 70, and surreply thereto. ECF No. 75. A hearing is

---

[1] On November 28, 2012, the parties consented to trial before a Magistrate Judge, and the case was reassigned to me. ECF Nos. 40 and 41.

unnecessary in this case. *See* Local Rule 105.6 (D. Md. 2011). For the reasons stated herein, both motions will be DENIED.

**I. Factual Background**

On March 25, 2009, Mr. Fernandes and four Montgomery County police officers, including Officer Craine, were involved in an altercation. The parties agreed that Officer Craine saw an unidentified motorist, later identified as Mr. Fernandes, driving without his headlights illuminated. Officer Craine used his flashlight to signal Mr. Fernandes to stop, and Mr. Fernandes then stopped. The parties' renditions of the facts, as presented in their trial testimony and in their briefing of these motions, diverge greatly thereafter.

Mr. Fernandes submits that Officer Craine was visibly upset while signaling Mr. Fernandes to stop. After he stopped, Mr. Fernandes alleges that Officer Craine broke the passenger side window of Mr. Fernandes's vehicle without cause. *See* Opp'n 2. Mr. Fernandes next states that Officer Craine came around to the driver's side and attempted to remove him from his vehicle. *Id.* Mr. Fernandes states that he held onto the steering wheel, but eventually released the steering wheel and got out of his vehicle. *Id.* Officer Craine then allegedly put Mr. Fernandes in a chokehold and began punching him in the face. Mr. Fernandes claims that he eventually lost consciousness. *Id.* at 3.

Officer Craine testified that Mr. Fernandes began yelling after he motioned for Mr. Fernandes to stop his vehicle. Def. Mem. 3. Officer Craine states that when he leaned into Mr. Fernandes's vehicle to get identification information, Mr. Fernandes began driving off, with Officer Craine's body partially in the vehicle. *See id.* Officer Craine submits that he accidentally broke the passenger side window. *Id.* Mr. Fernandes then allegedly stopped his vehicle. *Id.* When Officer Craine approached the driver's side, Mr. Fernandes refused to get out

of his vehicle. *Id.* at 4. Officer Craine then allegedly attempted to remove Mr. Fernandes from his car, which prompted Mr. Fernandes to punch Officer Craine in the face. *Id.* A struggle ensued until additional officers arrived at the scene. *Id.* The officers then brought Mr. Fernandes to the ground and placed him in custody. *Id.*

## II. Motion for Judgment Notwithstanding the Verdict

### a. Legal Standards

Officer Craine has moved for judgment notwithstanding the verdict pursuant to Rule 50, or to alter or amend the judgment pursuant to Rule 59(e). Def. Mem. 1. Upon a Rule 50(b) motion, a court should not "disturb a jury verdict unless[,] without weighing the evidence or assessing witness credibility, [it] conclude[s] that reasonable people could have returned a verdict only for the moving party." *Randall v. Prince George's Cnty., Md.*, 302 F.3d 188, 201 (4th Cir. 2002) (internal quotations omitted). "If a reasonable jury could reach only one conclusion based on the evidence or if the verdict in favor of the nonmoving party would necessarily be based upon speculation and conjecture, judgment as a matter of law must be entered." *Myrick v. Prime Ins. Syndicate, Inc.*, 395 F.3d 485, 489 (4th Cir. 2005) (citing *Crinkley v. Holiday Inns, Inc.*, 844 F.2d, 156, 160 (4th Cir. 1988)). However, "[t]his Court must view the evidence in the light most favorable to the [non-moving party], and the [non-moving party] receives the benefit of all inferences." *Willis v. Youngblood*, 384 F. Supp. 2d 883, 886 (D. Md. 2005).

A district court may grant a motion to alter or amend a judgment under Rule 59(e) on three grounds: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

Generally, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.*

    *b. Analysis*

Officer Craine argues that he did not use excessive force, and that he is therefore entitled to qualified immunity as a matter of law. Generally, Officer Craine contends that the jury's findings on the state law claims necessarily lead to the conclusion that he could not be liable for using excessive force. Def. Mem. 2. Officer Craine notes that the jury found in his favor on the malicious prosecution and false arrest claims. Def. Mem. 4-5; Def. Reply 2. Officer Craine suggests that the jury's verdict required a finding that he had sufficient probable cause to arrest Mr. Fernandes for assault and resisting arrest. Def. Mem. 4-5. Next, Officer Craine contends that because the jury found probable cause, the jury must have accepted his rendition of the facts, including the allegation that Mr. Fernandes assaulted Officer Craine and resisted arrest before Officer Craine touched Mr. Fernandes. *Id.* Based on those facts, Officer Craine concludes that he did not use excessive force, and that he is entitled to qualified immunity. Def. Mem. 2; Def. Reply 2. This argument fails for several reasons.

First, the jury did not expressly find that Officer Craine had sufficient probable cause to arrest Mr. Fernandes for assault and resisting arrest. Officer Craine argues that the jury's rejection of Mr. Fernandes's malicious prosecution and false arrest claims required a finding of probable cause for Mr. Fernandes's arrest. Def. Mot. 5 n.3. However, malicious prosecution has four elements:

> (a) a criminal proceeding instituted or continued by the defendant against the plaintiff, (b) termination of the proceeding in favor of the accused, (c) absence of probable cause for the proceeding, and (d) malice, or a primary purpose in instituting the proceeding other than that of bringing an offender to justice.

*Montgomery Ward v. Wilson*, 664 A.2d 916, 922 (Md. 1995) (internal quotations omitted). The jury's verdict merely indicates that Mr. Fernandes did not prove each of those elements by a preponderance of the evidence.

In fact, the jury may have found that Officer Craine in fact lacked probable cause to arrest Mr. Fernandes, but that Officer Craine did not institute the criminal proceedings against Mr. Fernandes with "malice." The jury was properly instructed that it can presume malice if Officer Craine lacked probable cause. ECF No. 51, at 14-15; *Montgomery Ward*, 664 A.2d at 717-18 (holding that if the jury finds a lack of probable cause, "it may also, if it chooses, infer the existence of malice."). However, the jury was not instructed that it had to find malice in that circumstance. Therefore, the jury's finding that Mr. Fernandes failed to prove malicious prosecution could have been based on failure to prove the malice element, and not a finding of probable cause to arrest.

In addition, even if this Court could isolate the element of probable cause, Officer Craine's argument still fails. A finding that Mr. Fernandes failed to prove, by a preponderance of the evidence, that Officer Craine *lacked* probable cause would not necessarily equate to an affirmative finding that Officer Craine *had* probable cause. The jury was not required to determine, and may not have decided, whether Officer Craine actually had probable cause to arrest Mr. Fernandes for assault and resisting arrest.

Officer Craine's false arrest/false imprisonment argument is similarly deficient. To prevail on a false arrest or false imprisonment claim, "the plaintiff must prove that the defendant deprived him or her of his or her liberty without consent and without legal justification." *See Green v. Brooks*, 725 A.2d 596, 605 (Md. Ct. Spec. App. 1999) (internal quotations omitted). Officer Craine argues that because the jury rejected this claim, the jury must have found that he

had probable cause to arrest Mr. Fernandes for assault and resisting arrest. Def. Mem. 4. However, as explained above, the jury was not asked to determine whether Officer Craine had probable cause to arrest Mr. Fernandes. *See* ECF No. 57. Without a definitive finding of fact, the Court cannot assume that the jury found that Officer Craine had probable cause.

Moreover, even if the Court could establish that the jury made that finding, Officer Craine's argument still lacks merit. The jury could have found, consistent with the law, that Officer Craine had probable cause to arrest Mr. Fernandes, but that he also used excessive force in making the valid arrest. *See Cleary v. Green*, Civil No. CCB-07-1202, 2008 WL 4900548, at *4 (D. Md. Nov. 6, 2008) (noting that just because the officer "had probable cause to arrest Cleary does not permit him to use excessive force in making that arrest."). Contrary to Officer Craine's argument, the jury would not have in order to wholly accept his rendition of the facts to find that he had probable cause. The jury was properly instructed that it may accept a witness's testimony in whole, in part, or not at all. ECF No. 57, at 6-7. Thus, the jury could have believed parts of Officer Craine's testimony, parts of Mr. Fernandes's testimony, or none of the testimony in reaching its verdict. In so doing, the jury may have found both that Officer Craine had probable cause and that he used excessive force.[2] *See Cleary*, 2008 WL 4900548, at *4.

Several interpretations of the evidence at trial would be consistent with the jury's verdict. For example, the jury may have found that Officer Craine had probable cause to arrest Mr. Fernandes for assault and resisting arrest because Mr. Fernandes was yelling violently at Officer

---

[2] This case is not analogous to *Carter v. Jess*, 179 F. Supp. 2d 534 (D. Md. 2001), cited by Officer Craine. There, the court had access to a video tape documenting the entire encounter between the plaintiff and the arresting officers. *Id.* at 546-47. Unlike the court in *Carter*, this Court cannot determine the precise factual circumstances of Officer Craine's encounter with Mr. Fernandes on its own, and it cannot possibly divine which testimony the jury credited. Without knowing the precise findings of fact by the jury, this Court cannot rule for Officer Craine as a matter of law.

Craine upon being pulled over. *See Wardlaw v. Pickett*, 1 F.3d 1297, 1304 (D.D.C. 1993) (holding that the defendant officer had probable cause to arrest Wardlaw for assault when Wardlaw ran towards the officer and shouted at the officer to stop hurting another individual). The jury may have then believed that Officer Craine continuously punched Mr. Fernandes in the face, put him in a choke hold, and violently took Mr. Fernandes to the ground. This theory would arguably be supported by trial evidence suggesting that Mr. Fernandes's face was severely bruised, that he sustained a broken nose and bilateral orbital blow-out fractures, that he was treated at the hospital, and that he had four medically necessary follow-up visits. Def. Mem. 18. Because that theory, and other theories, are consistent with both the trial evidence and the jury's verdict, the verdict should not be disturbed.

At the end of his motion, Officer Craine presents several additional arguments.[3] Officer Craine argues that he is entitled to qualified immunity because Mr. Fernandes did not present evidence proving that Officer Craine intentionally caused Mr. Fernandes to lose consciousness. Def. Mem. 17. However, based on the evidence presented, the jury could have concluded that Officer Craine intentionally put Mr. Fernandes in a head-lock and took him to the ground. Moreover, as described above, there was sufficient evidence for the jury to find that Officer Craine used excessive force, with or without proof that Officer Craine actually caused Mr. Fernandes to lose consciousness.

Officer Craine next argues that Mr. Fernandes could not prove that he used excessive force without medical or expert testimony showing that Officer Craine's actions, and not the actions of the other officers, proximately caused his injuries. Def. Mem. 17-18. However, the

---

[3] These additional arguments are improper in a renewed motion under Rule 50 or Rule 59 because the arguments were not presented at the close of evidence. *See Price v. City of Charlotte, N.C.*, 93 F.3d 1241, 1248-49 (4th Cir. 1996); *Pac. Ins. Co.*, 148 F.3d at 404. Even if the arguments were properly made at trial, they would still fail for the reasons addressed above.

jury may properly find that Officer Craine used excessive force without knowing which specific injuries were caused by Officer Craine. For example, the jury may have believed the testimony that Officer Craine punched Mr. Fernandes repeatedly in the face, and took Mr. Fernandes to the ground face-first, all before any other officers arrived at the scene.

For all of the reasons above, Officer Craine's motion for judgment notwithstanding the verdict is denied.

### III. Motion to extend time

Counsel for Mr. Fernandes has filed a motion to extend time for filing a motion for attorneys' fees. A "motion requesting the award of attorneys' fees must be filed within fourteen (14) days of the entry of judgment." Loc. R. 109.2 (D. Md. 2011). Failure to comply with the time limits "shall be deemed to be a waiver of any claim for attorneys' fees." *Id.* Here, judgment was entered on December 10, 2012, ECF No. 60, and counsel for Mr. Fernandes filed his motion to extend time on December 27, 2012. ECF No. 64. The parties agree that the motion to extend time was filed after the deadline had expired. Counsel for Mr. Fernandes now asks this Court to grant him an extension of time to file his motion for fees because his tardiness was allegedly due to "excusable neglect." Pl. Mot. 2.

"Where a motion for extension of a court-ordered deadline is filed after the date specified, Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure requires a demonstration that the failure to act within the time required was the result of 'excusable neglect.'" *German v. Akal Sec., Inc.*, Civil No. CCB-11-1242, 2012 WL 1203942, at *1 (D. Md. Apr. 10, 2012) (internal quotations omitted). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by

circumstances beyond the control of the movant." *Id.* at *2.  When determining whether a delayed filing is excusable, the court "must consider all relevant circumstances surrounding the party's omission." *Id.* (internal quotations omitted).  The following factors are relevant to "the excusability determination:"

> (1) the danger of prejudice to the [non-movant], (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.

*Id.*  In the Fourth Circuit, "[t]he most important of the factors . . . for determining whether 'neglect' is 'excusable' is the reason for the failure." *Id.*

Counsel for Mr. Fernandes argues that his neglect was excusable because the Court's notification of electronic filing, which notified the parties about the entry of judgment in this case, was sent by his email server into his spam box. Pl. Mot. 1.  As such, he submits that he was not aware that judgment had been entered on December 10, 2012, until he finally checked the docket on December 27, 2012. *Id.*  Counsel for Mr. Fernandes also argues that his motion was not tardy because Officer Craine has filed a motion for judgment notwithstanding the verdict, meaning that the judgment entered on December 10, 2012 is no longer a final, appealable judgment. Reply 1.

Officer Craine does not argue, and this Court does not find, that counsel for Mr. Fernandes acted in bad faith or that the length of the delay was excessive.  Officer Craine argues that he would be prejudiced if this Court allows Mr. Fernandes to collect attorneys' fees after submitting his motion untimely.  However, this Court need not determine whether Officer Craine would be prejudiced, because counsel for Mr. Fernandes's explanation for his delay is inadequate, and this alone provides a sufficient basis to deny his motion. *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534-35 (4th Cir. 1996) (affirming district court's denial

of Thompson's motion to extend time based solely on Thompson's failure to prove excusable neglect, without making a finding as to the remaining factors).[4]

Courts consistently find that "run-of-the-mill inattentiveness by counsel" is inexcusable. *Id.* at 535 (where counsel mailed a letter to the court three days before the deadline and failed to check the letter's progress at any time); *see Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004) (holding that "attorney inattentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigant."). Even if the Court's notice of electronic filing was sent to his spam filter, counsel for Mr. Fernandes still had the duty and the ability to stay apprised of the status of his case. *See Gibson-Michaels v. Bair*, 255 F.R.D. 306, 307 (D.C. Cir. 2009). As an experienced litigator, counsel for Mr. Fernandes should have known that courts enter judgments contemporaneously with, or shortly following, jury verdicts. Email systems are notoriously prone to technological difficulties and glitches, and do not replace traditional efforts to abide by filing deadlines. Counsel for Mr. Fernandes could have checked the status of the case by looking on CM/ECF, or by simply calling the Court or opposing counsel. Counsel for Mr. Fernandes's failure to monitor his deadlines amounts to nothing more than run-of-the-mill inattentiveness. As such, this Court cannot find that the delay was due to excusable neglect. *See Thompson*, 76 F.3d at 534-35.

In addition, Officer Craine's motion for judgment notwithstanding the verdict does not extend the deadline to file his motion for attorneys' fees.[5] Local Rule 109.2 states that "any motion requesting the award of attorneys' fees must be filed within fourteen (14) days of the

---

[4] The Fourth Circuit has applied the same analysis to questions of "excusable neglect" under Federal Rule of Appellate Procedure 4(a), and under Federal Rule of Civil Procedure 6(b). *Hamilton Beach Brands, Inc., v. Sunbeam Products, Inc.*, Action No. 3:11-CV-345, 2012 WL 5473752, at *3 n.3 (E.D. Va. Nov. 9, 2012).

[5] Officer Craine's motion for judgment notwithstanding the verdict was filed on January 7, 2013, well after counsel for Mr. Fernandes filed his motion for attorneys' fees.

entry of judgment." Nothing in this rule suggests that the deadline for filing a motion for attorneys' fees is stayed when the opposing party makes a post-judgment motion, especially when that motion is denied. In fact, courts in this jurisdiction have held that the period for filing a motion for attorneys' fees runs "from the date of the 'primary judgment,' not the date of the denial of post-trial motions." *First Penn-Pac. Life Ins. Co. v. William R. Evans, Chartered*, 659 F. Supp. 2d 727, 729 (D. Md. 2009) (citing *Jackson v. Beard*, 828 F.2d 1077, 1078-80 (4th Cir. 1987)). Moreover, because Officer Craine's motion is denied, it will have had no effect on the judgment entered on December 10, 2012. For all of the reasons stated above, counsel for Mr. Fernandes's motion to extend time is denied, and his motion for attorneys' fees is denied as untimely.

    A separate order is attached.

Dated: February 27, 2013
                                          /s/
                                        Stephanie A. Gallagher
                                        United States Magistrate Judge