# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VICTOR FERNANDES, | * |
| Plaintiff, | * |
| v. | * Civil Case No. SAG-10-752 |
| MONTGOMERY COUNTY, MD, et al. | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Victor Fernandes ("Mr. Fernandes") sued Defendant Officer Paul Craine ("Officer Craine"), alleging that Officer Craine violated his constitutional rights pursuant to 42 U.S.C. § 1983.[1] Mr. Fernandes also brought state law malicious prosecution, false imprisonment, false arrest, assault, and battery claims. After a four-day trial commencing on December 4, 2012, the jury found for Officer Craine on the state law claims and on the § 1983 claim asserting false arrest, but determined that Officer Craine had used excessive force against Mr. Fernandes in violation of his constitutional rights. Although Mr. Fernandes requested a far greater award, the jury awarded him compensatory damages totaling $12,700.00. This Memorandum Opinion addresses Mr. Fernandes's Motion for Attorney's Fees and Costs. *See* ECF No. 62. I have considered Officer Craine's Response in Opposition, and Mr. Fernandes's Reply thereto. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2011). For the

---

[1] On November 28, 2012, the parties consented to trial before a Magistrate Judge, and the case was reassigned to me. *See* ECF Nos. 40 and 41.

1

reasons stated herein, the motion is GRANTED and attorney's fees are awarded in the amount of $69,560.40, plus $455.00 in costs.[2]

## I. Background

Following the jury verdict in his favor, Mr. Fernandes filed a motion requesting an award of attorney's fees. *See* ECF No. 62. However, the motion was untimely, and Mr. Fernandes requested this Court to extend the time for filing. *See* ECF No. 64. This Court denied that request, finding that Mr. Fernandes's failure to timely file the motion was the result of "run of the mill inattentiveness." *Fernandes v. Montgomery Cnty., Md.*, No. SAG-10-752 (D. Md. Feb. 27, 2013), ECF No. 78. Mr. Fernandes appealed to the Fourth Circuit, which vacated this Court's decision and remanded the case for resolution of Mr. Fernandes's pending motion for attorney's fees.

## II. Legal Standard

The prevailing party in a § 1983 action is entitled to seek "a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). "[To] qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim." *Farrar v. Hobby*, 506 U.S. 103, 111 (1992). "A person may not be a prevailing party under 42 U.S.C. § 1988 except by virtue of having obtained an enforceable judgment, consent decree, or settlement giving some of the legal relief sought in a § 1983 action." *S-1 and S-2 By and Through P-1 and P-2 v. State Bd. of Educ. of N.C.*, 21 F.3d 49, 51 (4th Cir. 1994). There is no dispute that Mr. Fernandes was the

---

[2] Also pending is Plaintiff's "Motion to Accept His Reply in Support of His Memorandum in Support of Award of Attorney's Fees and Costs Out of Time." *See* ECF No. 94. Mr. Fernandes's excuse for this latest untimely filing is that he did not receive the Court's Order modifying the briefing schedule, and simply relied on the date automatically generated by the CM/ECF system. In an apparent effort to curb additional expenses litigating dilatory filings by Mr. Fernandes's counsel, Officer Craine took no position on the Motion. In light of the erroneous date provided by CM/ECF, the Motion is granted. However, counsel is responsible for reviewing actual orders filed by the Court, and not simply the electronic notification.

prevailing party at trial, as the jury awarded him a total of $12,700.00 in compensatory damages after finding that Officer Craine used excessive force in effecting his arrest.

As the prevailing party, Mr. Fernandes is entitled to attorney's fees of a reasonable amount. In calculating an attorney's fee award, courts must determine the lodestar amount, which is the "reasonable hourly rate multiplied by hours reasonably expended." *See U.S. ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 356 (4th Cir. 2009). Courts must also consider twelve factors enunciated by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974), and adopted by this Circuit in *Barber v. Kimbrell's Inc.*, 577 F.2d 216 (4th Cir. 1978) when assessing the overall reasonableness of a fee request. The factors include:

> (1) the time and labor required in the case, (2) the novelty and difficulty of the questions presented, (3) the skill required to perform the necessary legal services, (4) the preclusion of other employment by the lawyer due to acceptance of the case, (5) the customary fee for similar work, (6) the contingency of a fee, (7) the time pressures imposed in the case, (8) the award involved and the results obtained, (9) the experience, reputation, and ability of the lawyer, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship between the lawyer and the client, and (12) the fee awards made in similar cases.

*Allen v. U.S.,* 606 F.2d 432, 436 n* (4th Cir. 1979). Some factors "may not have much, if anything to add in a given case." *In re Abrams & Abrams, P.A.*, 605 F.3d 238, 244 (4th Cir. 2010). However, "the factors that do apply should be considered." *Id.*

In *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 (2010), the Supreme Court criticized the *Johnson* factors as giving "very little actual guidance to district courts." *Perdue*, 559 U.S. at 551. The Court described the factors as "sometimes subjective," and noted that they "placed unlimited discretion in trial judges and produced disparate results." *Id.* (internal quotations omitted). Although the Supreme Court touted the benefits of the lodestar method as an alternative approach for calculating reasonable fees, it did not overrule the *Johnson* factors.

3

Courts in this Circuit still apply the *Johnson* factors, although many of the factors are subsumed in the lodestar calculation. *See McAfee v. Boczar*, 906 F. Supp. 2d 484, 492 (E.D. Va. 2012); *Pennsylvania v. Delaware Valley Citizens' Council for Clear Air*, 478 U.S. 546, 564 (1986). I will therefore calculate the lodestar amount, and then consider the reasonableness of the resulting fee using the *Johnson* factors.

## III. Analysis

In Mr. Fernandes's original Motion for Attorney's Fees, filed on December 27, 2012, he sought $71,960.00 in fees based on 198.7 billed hours, at a rate of $350.00 per hour.[3] *See* Pl.'s Mem. 2, ECF No. 63. Following post-trial motions, and the appeal to the Fourth Circuit, Mr. Fernandes has accrued a total of 323.4 hours, for a total of $113,190.00 in attorney's fees. Mr. Fernandes has agreed to subtract 20.08 hours from his time billed, amounting to a total of 303.32 total hours, or $106,162.00.[4] Mr. Fernandes is also seeking $949.39 in costs. *See* Pl.'s Reply 14-15. In light of the limited degree of success at trial, and counsel's overall performance while litigating the case, Mr. Fernandes's fee request is excessive, and it merits a significant downward adjustment.

### A. Reasonable Hourly Rate

"[D]etermination of the hourly rate will generally be the critical inquiry in setting the 'reasonable fee,' and the burden rests with the fee applicant to establish the reasonableness of the requested rate." *Plyer v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990). The attorney seeking fees

---

[3] Mr. Fernandes also sought an additional $2,415.00 for time spent drafting the motion for an award of attorney's fees and supporting memorandum.

[4] Mr. Fernandes appears to have made an incorrect calculation in his brief. He states that he is subtracting 20.9 hours from his total of 323.4 hours to account for: (1) three hours spent on an unsuccessful *Monell* claim; (2) .08 hours spent presenting an economic damages claim not presented at trial; and (3) 17 hours spent defending against a motion for partial summary judgment by two defendants who were no longer parties at the time of trial. Those figures total 20.08 hours, not 20.9 hours. However, Mr. Fernandes appears to have correctly calculated the reduced fees at $106,162.00.

should produce "satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." *Id.* (internal quotations omitted). Hourly rates for an attorney's fees are also guided by Appendix B to this Court's Local Rules, which set forth non-binding standards for district courts to follow when considering an award of attorney's fees. *See* Loc. R., App. B (D. Md. 2011).

Mr. Fernandes seeks an award based on an hourly rate of $350.00. In support of the reasonableness of this rate, Mr. Fernandes has submitted two declarations from attorneys practicing in the Columbia, Maryland area. Both attorneys have declared that they have been members of the bar for more than ten years, and that $350.00 is the market rate for attorneys of similar experience, education, and training. *See* ECF Nos. 63-2, 63-3. Mr. Fernandes's counsel, Michael Coyle, submitted an affidavit, which also attests to the reasonableness of his fee. *See* ECF No. 63-1. It states that Mr. Coyle has charged his clients an identical hourly fee in similar cases. *Id.* The affidavit also states that Mr. Coyle has been a member of the bar for approximately 19 years. *Id.* Appendix B to this Court's Local Rules indicates that a reasonable fee for lawyers admitted to the bar for fifteen years or more is between $275-$400. *See* Loc. R., App. B(3) (D. Md. 2011). Mr. Coyle's fee is below the cap set by the Local Rules, and he has submitted sufficient information to demonstrate the reasonableness of his rate.

### B. Reasonable Hours Expended

With respect to hours worked, the applicant should exercise "billing judgment" and "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary…" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "A fee applicant who spends an inordinately large amount of time on a

project has failed to exercise the requisite billing judgment." *Louers v. Lacy*, No. JKS-10-2292, 2011 WL 6258469, at *2 (D. Md. Dec. 14, 2011) (internal quotation omitted).

Mr. Coyle has billed 208.7 hours of time through the conclusion of trial, s*ee* ECF No. 62, and he has accrued more than 100 additional hours litigating post-trial matters. *See* Pl.'s Reply 2, ECF No. 94-2. Officer Craine vigorously opposes the number of hours that Mr. Coyle allegedly expended over the course of litigation. Officer Craine notes several inconsistencies evident in Mr. Coyle's billing records, and contends that these records are not credible and cannot provide sufficient proof of the work that Mr. Coyle performed. First, Officer Craine takes issue with the number of hours that Mr. Coyle spent drafting the Complaint and Opposition to Defendants' Motion for Partial Dismissal, because in Officer Craine's view, both appeared to be copied wholesale from previous complaints and briefs. *See* Def.'s Opp. 8-9.

Considering Mr. Coyle's experience representing plaintiffs in civil rights cases,[5] and in light of the straightforward nature of the claims pursued, the hours spent preparing the Complaint and the Opposition brief are unreasonable. Mr. Fernandes's Complaint is nearly identical to a complaint that Mr. Coyle filed in *Barnes v. Montgomery County et al.*, No AW-09-cv-2507 (D. Md. Dec. 4, 2012). In both cases, Mr. Coyle filed claims involving violations of 42 U.S.C. § 1983, malicious prosecution, false imprisonment, false arrest, and assault and battery claims. The claims were asserted in the same order, and the only appreciable differences between the two complaints are the paragraphs summarizing the facts. That degree of effort does not warrant 4.2 hours of billable time, for a total of $1,470.00 in fees. The same is true of briefs that Mr. Coyle prepared in opposition to Motions to Dismiss in both cases. The opposition brief in *Barnes* is nearly identical to the opposition brief that Mr. Fernandes filed in this case. Of the

---

[5] Counsel for Mr. Fernandes stated in his affidavit that he has represented plaintiffs in seven civil rights cases in the last three years, two of which went to trial. *See* ECF No. 63-1.

eleven pages in the brief that Mr. Fernandes filed in this case, five pages appear to have been copied wholesale from the *Barnes* brief. Two pages contained a brief description of facts, essentially cut and pasted from the Complaint, and a summary of the Complaint itself. *Compare* Pl.'s Reply in Opp., ECF No. 5 (stating the facts and citing to paragraphs in the Complaint), *with* Compl., ECF No. 1 (describing the facts on which the legal claims rest). However, Mr. Coyle seeks approximately $6,265.00 in fees for nearly 17.9 hours of billed time in relation to the drafting of the motion. Counsel for Mr. Fernandes submits that the brief in this case involved a "significant amount of legal research" for issues regarding state tort claims, dismissal of the punitive damages claim, and the Fourteenth Amendment claims. *See* Pl.'s Reply 6, ECF No. 93. While these claims do not appear to have been repurposed from previous cases of Mr. Coyle's, they represent no more than three pages of Mr. Fernandes's brief, and cannot account for nearly 18 hours of legal research.

Next, Officer Craine opposes duplicative billing entries for several depositions. Def.'s Opp. 9. Time records for Mr. Coyle show more than one billing entry for the depositions of Officers Anonsen, Craine, and Huggins. *Id.* Officer Craine also believes that the time billed for these depositions greatly exceeds their actual duration. *Id.* Mr. Coyle explains that the duplicative entries are the result of his mistakes with new billing software. Pl.'s Reply 4. He argues that the entries, which indicate that a deposition had taken place when it had not, should reflect the time that he spent preparing for the depositions, not taking them. The mistake, Mr. Coyle asserts, was the result of an incorrect "task" selection via the billing software.

Given the duration of the depositions, the time Mr. Coyle billed to prepare and take them is wholly unreasonable. Officer Craine has submitted transcript excerpts from his deposition, and the depositions of Officers Anonsen and Huggins. *See* ECF No. 92-1. One excerpt

demonstrates that Officer Anonsen's deposition lasted 22 minutes. *Id.* Officer Craine asserts that his deposition lasted 1.5 hours, and Officer Huggins's deposition lasted 36 minutes. *See* Def.'s Opp. 9. Curiously, Mr. Fernandes has billed a total of 17.3 hours, or $6,055.00 in fees for the preparation and taking of depositions that, taken together, lasted fewer than three hours.

Counsel for Mr. Fernandes has already agreed to a couple of insignificant reductions of his total hours. He has agreed to deduct 0.08 hours for time spent on an economic damages claim that was not presented at trial. Pl.'s Reply 7. He has also agreed to deduct 0.06 hours for time spent on experts who were not called as witnesses. *Id.* A further reduction of Mr. Coyle's total hours is appropriate. The total time billed for the drafting of the complaint is reduced from 4.2 to 2.0 hours. The time billed for the drafting of the opposition to the motion to dismiss is reduced from 17.9 to 8 hours. The time billed for the preparing and taking of depositions of Officers Craine, Anonsen, and Huggins is reduced from 17.3 hours to 10 hours. In sum, Mr. Fernandes's lodestar hours are reduced from 303.32 to 283.92. As a result, the lodestar totals $99,372.00.

"Calculation of the lodestar does not end the inquiry." *Lux v. Judd*, 868 F. Supp. 2d 519, 526 (E.D. Va. 2012). "There remain other considerations that may lead the district court to adjust the fee upward or downward." *Lyle v. Food Lion, Inc.*, 954 F.2d 984, 989 (4th Cir. 1992). These considerations include the *Johnson* factors. *Id.* The "experience, reputation, and ability of the lawyer" is one such *Johnson* factor that merits discussion. At several points throughout the course of litigation, Mr. Coyle has made errors that significantly increased the parties' litigation fees and costs. On several occasions, Mr. Fernandes filed untimely motions with the Court, which led to additional briefing and expenditure of resources. First, Mr. Fernandes failed to give timely notice of his intent to pursue state law claims against defendant, Montgomery

County. In a declaration procured by Mr. Coyle, Mr. Fernandes stated that, he "was not aware that [he] had to file certain of my claims within 180 days of having been arrested;" and that "[he] had a difficult time finding an attorney who was interested in [his] civil case." Decl. of Victor Fernandes, ECF No. 5-1. Judge Williams, noting that "the issue is a close one," ultimately found that Mr. Fernandes established good cause for the untimely notice.

Second, as noted above, Mr. Coyle untimely filed his reply Memorandum to Officer Craine's opposition to his Motion for Attorney's Fees. Mr. Fernandes's reply was due on November 4, 2013, but he did not file it with the Court until November 7, 2013. Mr. Coyle concedes that he did not check this Court's Order setting forth the modified briefing schedule. *See* ECF Nos. 91, 94. Rather, he relied on a CM/ECF email, which provided an incorrect deadline of November 7, 2013.[6] *Id.*

In addition to his repeated failure to track and comply with deadlines, Mr. Coyle also spent a great deal of his time, and this Court's resources, litigating an issue resulting from his failure to request an award of punitive damages. At trial, this Court ruled that the jury could not consider punitive damages because Mr. Coyle had not raised the issue at any of the appropriate stages. Mr. Coyle failed to mention punitive damages in the proposed Pretrial Order; he failed to request instructions on punitive damages in the proposed jury instructions; and he never mentioned punitive damages during the numerous scheduling discussions during trial. Nevertheless, Mr. Coyle somehow presumed that the Court would conduct a second phase of

---

[6] This is not the first example of Mr. Coyle's trouble with court email. As described above, Mr. Fernandes's Motion for an Award of Attorney's Fees was filed one day late. Mr. Coyle moved the Court to extend the time for filing because the email from the Court indicating that judgment was entered "went into his Spam filter," thus he did not become aware of the date of entry of judgment until after the deadline had expired. *See* ECF No. 64. Although this Court denied the motion for extension, the Fourth Circuit reasoned that the delay was the result of "excusable neglect" because Mr. Coyle was not aware of any computer problems and was not wilfully blind to the status of the docket. *Fernandes v. Craine*, No. 13-1298, at *7 (4th Cir. Aug. 20, 2013).

trial solely for punitive damages, after the jury had awarded compensatory damages. After initial oral argument at trial, Mr. Coyle prepared a memorandum on the issue. The Court heard additional argument regarding punitive damages, and subsequently issued a memorandum opinion on the matter. All of these efforts, and costs, would have been avoided if Mr. Coyle had properly requested punitive damages on behalf of his client. Moreover, the jury could have considered a punitive damages award to Mr. Fernandes. In light of the fact that Mr. Coyle's errors led to a significant increase in litigation costs, and deprived his client of potential recovery, the *Johnson* factor relating to experience and ability weighs in favor of a reduction in fees.

The *Johnson* factor relating to "the award involved and the results obtained" is also relevant here. *Allen*, 606 F.2d at 436 n\*. Officer Craine makes two arguments in support of a reduction of Mr. Coyle's overall fee award. First, Officer Craine argues that Mr. Coyle should not be compensated for time spent pursuing unsuccessful claims. Def.'s Opp. 10. Officer Craine notes that the jury found in his favor on most of the claims. "[W]ork on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved…no fee may be awarded for services on the unsuccessful claim." *Knussman v. Maryland*, 73 Fed. App'x 608, 613 (4th Cir. 2003) (quoting *Hensley*, 461 U.S. at 435-36). However, when it becomes difficult to separate the hours worked on a claim-by-claim basis because the claims involve a common core of facts, or are based on related legal theories, "the chief consideration becomes 'the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* at 614 (quoting *Hensley*, 461 U.S. at 435-36); *see also Brodziak v. Runyon*, 145 F.3d 194, 197 (4th Cir. 1998). Where a plaintiff has achieved limited success, "the product of hours reasonably expended on the litigation as a whole times a reasonable hourly

rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Hensley*, 461, at 436.

All of the claims that Mr. Fernandes asserted are interrelated, such that parsing the hours spent on unsuccessful claims from the lone successful claim would be difficult. The excessive force claim and the assault and battery claim both assert that Officer Craine kicked and punched Mr. Fernandes. The remaining counts – a violation of § 1983, malicious prosecution, false imprisonment, and false arrest – all arise from Mr. Fernandes's arrest. To prove these claims, Mr. Fernandes had to establish the facts surrounding the altercation with Mr. Craine. Thus, these claims implicitly rely on the excessive force and assault and battery counts. Moreover, Mr. Fernandes's billing records do not delineate hours based on the particular claims and defendants. All told, however, Mr. Fernandes filed five claims against four defendants, and he prevailed on one count against one defendant, resulting in a judgment of $12,700.00. An award equivalent to nearly three hundred hours, at a rate of $350.00, is excessive in light of the overall relief obtained.

Similarly, Officer Craine next argues that Mr. Fernandes's award should be significantly reduced to reflect his limited success. The "most critical factor is the degree of success obtained." *Hensley*, 461 U.S. at 436. The Supreme Court has rejected the notion that "fee awards under § 1988 should necessarily be proportionate to the amount of damages a civil rights plaintiff actually recovers." *City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986). Civil rights plaintiffs, unlike torts plaintiffs, "seek[s] to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms." *Id.* However, the amount of damages a plaintiff recovers is "certainly relevant to the amount of attorney's fees to be awarded under § 1988" and is "only one of many factors that a court should consider." *Id.* Although "[a]wards of

attorney's fees substantially exceeding damages are not unusual in civil rights litigation" *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, n.20 (4th Cir. 2011) (citing cases), courts in this Circuit have reduced lodestar amounts to account for the prevailing party's overall success. *See e.g*, *Andrade v. Aerotek, Inc.*, 852 F. Supp. 2d 637, 644 (D. Md. 2012) (reducing plaintiff's fee by 25 percent and awarding $110,115.94 in fees in a nationwide class action lawsuit that resulted in a judgment of $13,940.08); *Almendarez v. J.T.T Enters. Corp.*, No. JKS-06-68, 2010 WL 3385362, at *7 (D. Md. Aug. 25, 2010) (reducing lodestar amount of $112,077.50 by 25 percent to $84,058.00 to account for awards that "were so low in relation to what they sought as to render their victory close to purely technical"); *Jackson v. Estelle's Place, LLC*, 391 Fed. App'x 239, 244 (4th Cir. 2010) (affirming district court's reduction of attorney's fees by 25 percent to account for "modest value" of the successful claims); *Lilienthal v. City of Suffolk*, 32 F. Supp. 2d 667, 674-75 (E.D. Va. 2004) (reducing the lodestar figure by forty percent from $124,688.50 to $74,813.10 to account for plaintiff's partial success in settlement).

Mr. Fernandes argues that if this Court finds that the award should be reduced, it should only reduce his fees that accrued through the conclusion of trial. Mr. Fernandes asserts that his post-trial fees should not be disturbed because he prevailed on his post-trial claims and the hours that accrued were in response to Officer Craine's "ill-conceived post-trial strategies." *See* Pl.'s Reply 14. Mr. Fernandes fails to appreciate that the bulk of post-trial litigation was the result of his own repeated untimeliness. Moreover, his fees are appropriately considered in their totality, and not by litigation phase.

In light of the *Johnson* factors reviewed herein, the lodestar is reduced by 30 percent. Accordingly, Mr. Fernandes's award of attorney's fees is appropriately reduced to $69,560.40.[7]

---

[7] This Court has considered the *Johnson* factors in reaching the fee award. In so doing, this Court rejects Officer Craine's request that this Court award Mr. Fernandes an amount equal to the contingency fee

It is important to note that, even with the reduction, the award represents more than five times the judgment Mr. Fernandes received at trial. This is a sizeable amount considering that two of Mr. Fernandes's filings appear to have been repurposed from earlier cases, his filings have been repeatedly untimely, and his mistakes have significantly increased litigation costs for all parties and have deprived his client of the opportunity to seek punitive damages.

### C. Costs of the Action

Finally, Mr. Fernandes seeks an award of $949.39 in costs. These costs include: (1) fees to recover medical records: $29.90; (2) fees paid for the appearance of L. Fleischman: $405.00; (3) costs of print/reproduction: $44.20; (4) costs of Federal Express $15.29; and (5) the appeal filing fee: $455.00. As the prevailing party, Mr. Fernandes is entitled to recover "out-of-pocket expenses" that he incurred, and "which are normally charged to a fee-paying client, in the course of providing legal services." *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988). Mr. Fernandes previously filed a bill of costs with the Court, in which the Court taxed costs in the amount of $2,766.00. *See* ECF No. 80. Mr. Fernandes argues that the present bill of costs includes amounts that were not included as part of his original request. Officer Craine argues that Mr. Fernandes cannot file a second bill of costs because a second request would be duplicative, time barred, and moot. *See* Def.'s Opp. 21. The Local Rules of this Court are clear that a bill of costs "shall be filed within fourteen (14) days of the entry of judgment." Loc. R. 109.1 (D. Md. 2011). For costs incurred on appeal, the bill of costs should be filed within fourteen days of the Court's issuance of the mandate. *Id.*

---

contemplated by Mr. Fernandes and Mr. Coyle in their retainer agreement. *See* Def.'s Opp. 4; *Cooper v. Dyke*, 814 F.2d 941, 951 (4th Cir. 1987) ("[B]ecause contingency fee arrangements are often inadequate to encourage attorneys to undertake civil rights cases, fee awards under § 1988 need not be based on such arrangements.").

With the exception of the appeal filing fee, all of the listed costs were incurred before Mr. Coyle filed his first bill of costs, and should have been included in that request.[8] Mr. Coyle has submitted his request for these costs beyond the applicable time limit for filing, thus waiving them. *See* Loc. R. 109.1 (D. Md. 2011). Moreover, "no litigation costs should be awarded in the absence of adequate documentation…" *Trimper v. City of Norfolk, Va.*, 58 F.3d 68, 77 (4th Cir. 1995). The Local Rules of this Court further specify that "[i]n any case where any costs other than the fee for filing the action are being requested, the bill of costs shall be supported by affidavit and accompanied by a memorandum setting forth the grounds and authorities supporting the request." Loc. R. 109.1 (D. Md. 2011). Mr. Coyle has failed to provide any documentation supporting the listed costs. He merely lists the amounts as "additional charges" in his billing records. With no supporting documentation, such as vouchers, or receipts, this Court cannot verify that the amounts are accurate and reasonable. The filing fee that Mr. Fernandes incurred for appealing his denial of attorney's fees to the Fourth Circuit is compensable. The other costs are denied.

**Conclusion**

For the reasons set forth above, the Court will award Mr. Fernandes $69,560.40 in attorney's fees and $455.00 for costs. A separate order is attached.

Dated: December 3, 2013                     /s/
                                                              Stephanie A. Gallagher
                                                              United States Magistrate Judge

---

[8] Mr. Fernandes filed his first bill of costs on March 4, 2013. *See* ECF No. 80. According to Mr. Coyle's own billing records, the fees to recover medical records were incurred on June 9, 2011; the print and reproduction costs were incurred on December 26, 2012; and the costs of Federal Express were incurred on February 5, 2013. There is no mention of the costs incurred for the appearance of L. Fleischman in the billing records. However, Mr. Fleischman was a witness who testified on day three of the four-day jury trial. Mr. Coyle had ample time to include Mr. Fleischman's appearance fee in his first bill of costs, as the trial concluded on December 7, 2012. *See* ECF No. 93-1.